NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELISSA KAILYN MARTIN,

　　　　Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

　　　　Appellee.

No. 25-344

D.C. No.
2:24-cv-00528-JR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Jolie A. Russo, Magistrate Judge, Presiding

Submitted April 17, 2026[**]
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Melissa Martin appeals from the district court's order affirming an

Administrative Law Judge's ("ALJ") denial of her application for

disability-insurance benefits and supplemental security income under Titles II and

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act, respectively. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a denial of Social Security benefits de novo. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017). We set aside a denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record." *Id.* at 654. "'Substantial evidence' means more than a mere scintilla, but less than a preponderance." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (citation omitted). The ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (quotation marks omitted). And "[i]f the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* at 1154 (quotation marks omitted).

1. The ALJ did not err when she discounted Martin's testimony. "When objective medical evidence is inconsistent with a claimant's subjective testimony, an ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear, and convincing reasons for doing so." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quotation marks omitted). "The standard [is] whether the ALJ's rationale is clear enough that it has the power to convince." *Id.* at 499. Although the ALJ in one place mistook Martin's statements about the frequency of her naps for allegations about the frequency of her seizures and

migraines, Martin did elsewhere allege that she gets migraines and seizures on a daily basis. As the ALJ explained, "the treatment history is inconsistent with these allegations." The ALJ's misstatement about *where in the record* Martin alleged this is, at most, harmless error. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

In addition to the inconsistencies with the medical record, the ALJ also validly relied on Martin's refusal to take prescribed anti-seizure medication. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); 20 C.F.R. § 404.1529(c)(3)(iv). The ALJ detailed at length Martin's history of being prescribed seizure medications but failing to comply with the regimens that her doctors put forward. Martin argues that side effects and pregnancies prevented her from taking medications. Yet the medical evidence shows that doctors who were aware both of the alleged side effects *and* Martin's pregnancies still advised her to take medication (and even gave her several options), and Martin repeatedly refused to take any medication at all.

2. Substantial evidence supports the ALJ's determination that Martin's limitations did not meet or equal Listing 11.02. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Here, even if Martin could show that she satisfied the requisite *frequency* of seizures under Listing 11.02(A), substantial

3                                                                          25-344

evidence supports the conclusion that she failed to show that those seizures occurred "despite adherence to prescribed treatment." 20 C.F.R. pt. 404, subpt. P, app. 1 § 11.02(A). Martin identifies no three-month period where she adhered to prescribed treatment *and* where she suffered seizures with the requisite frequency, which is fatal to her argument that her impairments met the listing. *See id.*

Substantial evidence also supports the ALJ's determination that Martin's limitations did not equal Listing 11.02(B). "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531. "A finding of equivalence must be based on medical evidence only." *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). Here, Martin fails to identify any evidence that her headaches—even if they were severe enough to equate to a dyscognitive seizure—occurred with the frequency described in Listing 11.02(B).

3. The ALJ did not err by declining to consider the form filled out by Dr. Joshua Sirucek, D.O. The form doesn't qualify as a "medical opinion" because it does not describe any "impairment-related limitations or restrictions" that Martin had—it merely asserts that certain activities would be "unrealistic" or "unsafe" for Martin to participate in without any explanation. 20 C.F.R. § 404.1513(a)(2).

Because the form is not a "medical opinion," the ALJ didn't err by declining to consider it.

4.  The ALJ did not commit reversible error in her weighing of the lay-witness evidence.  Even assuming, without deciding, that, the ALJ was required to "give[] reasons germane to each [lay] witness" for disregarding lay testimony, any error was harmless because the lay testimony at issue described the same limitations that Martin alleged.  *Lewis*, 236 F.3d at 511; *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012), *superseded on other grounds by regulation*.

**AFFIRMED.**